**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **GLEN ELLYN PHARMACY, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **BIORX PHARMACEUTICALS, INC., and** ) | |
| **JOHN DOES 1-10,** ) | |
| ) | |
| **Defendants.** ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, *et. seq.*, Defendant BioRX Pharmaceuticals, Inc. ("BioRX") hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court of the Northern District of Illinois.

Under the Seventh Circuit's decision in *Brill v. Countrywide Home Loans, Inc.,* 427 F. 3d 446, 450-51 (7th Cir. 2005), removal is proper because this Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1331 over the claim of Plaintiff Glen Ellyn Pharmacy, Inc. ("Glen Ellyn") brought pursuant to the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.

In further support of removal, BioRX states as follows:

**I. THE STATE COURT ACTION**

1. On or about February 28, 2008, Glen Ellyn, on behalf of itself, and purportedly on behalf of a class similarly situated, filed a Class Action Complaint ("Complaint") with the Clerk

of the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court Action"). The State Court Action was assigned Cause No. 2010 CH 46583.

2. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon BioRX are attached hereto as Exhibit "1."

3. Glen Ellyn's Complaint consists of three counts. Count I alleges violation of the TCPA, 47 U.S.C. § 227. Count II purports to state a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. Count III alleges common law conversion, also under Illinois law. (See Complaint, Exhibit "1.")

## II. FEDERAL QUESTION JURISDICTION EXISTS

4. This case arises from BioRX's alleged sending or the causing of sending an unsolicited fax to Glen Ellyn. Glen Ellyn alleges in its Complaint that BioRX's conduct violated the TCPA, 47 U.S.C. § 227. (See Complaint, Exhibit "1," pages 1-3.)

5. This Court possesses original jurisdiction in all cases arising under the laws of the United States. 28 U.S.C. § 1331. As the Seventh Circuit held in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir. 2005), Glen Ellyn's Complaint arises under the laws of the United States because the TCPA is a law of the United States and Glen Ellyn seeks recovery under that law.

6. Under *Brill,* this Court has jurisdiction over Glen Ellyn's putative class action lawsuit because it arises under the laws of the United States.

## III. THE COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER GLEN ELLYN'S STATE LAW CLAIMS

7. This Court has supplemental jurisdiction over Glen Ellyn's claims alleging violation of the ICFA and common law conversion because they are so related to the TCPA claim that they form part of the same cause or controversy. 28 U.S.C. § 1367. Supplemental

jurisdiction, therefore, should not be refused under 28 U.S.C. § 1441(c). Glen Ellyn's claims do not raise unusually novel or complex issues of state law, and Glen Ellyn's state law claims do not substantially predominate over its federal claim.

### IV. REMOVAL IS TIMELY

8. Because BioRX was served with Summons and a copy of the Complaint in this matter on November 2, 2010, removal is timely since this notice is filed within 30 days of the date the Complaint was served. 28 U.S.C. § 1446(b).

### V. PROPER SERVICE OF THIS NOTICE AND REQUEST
### FOR ADDITIONAL ARGUMENTS, IF NECESSARY

9. BioRX is the only named defendant in this case. While the Complaint also names unknown defendants, "John Does 1-10," defendants sued under such fictitious names need not consent to removal. *Northern Illinois Gas Co. v. Airco Industrial Gases, Div. of Airco, Inc.*, 676 F.2d 270, 272 (7th Cir. 1982) ("Nominal parties . . . are disregarded for removal purposes and need not join in the petition."); *see also Green* v. *America Online (AOL),* 318 F.3d 465, 470 (3rd Cir. 2003).

10. The unknown "John Doe" defendants also have not been served with process in this action. Unserved defendants need not consent to removal. *Northern Illinois Gas.,* 676 F.2d at 272.

11. Pursuant to 28 U.S.C. § 1446(d), BioRX shall file a copy of this Notice of Removal with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois, and serve Glen Ellyn with this Notice of Removal promptly after filing this Notice. A copy of the Notice of Filing to be filed in the State Court is attached hereto as Exhibit "2."

12. Consistent with the provisions of 28 U.S.C. §1446(d), no further proceedings shall be held in this matter in the State Court Action.

13. In the event that Glen Ellyn files a motion to remand the case or the Court considers remand *sua sponte,* BioRX respectfully requests the opportunity to submit additional arguments or evidence in support of removal as may be appropriate or as may be requested by the Court.

WHEREFORE, Defendant, BioRX Midwest, Ltd. hereby removes this case to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

BIORX PHARMACEUTICALS, INC.

By: s/ John C. Gekas
One of Its Attorneys

John C. Gekas
Constantine John Gekas
GEKAS LAW LLP
11 S. LaSalle St., Suite 1700
Chicago, Illinois 60603
312.726.4501
312.726.4505 (fax)
jgekas@gekaslaw.com
CJG@gekaslaw.com

Attorney # 47366

**CERTIFICATE OF SERVICE**

I certify that on December 2, 2010 a copy of this Removal Petition and all documents filed therewith were served by Messenger Delivery upon counsel for plaintiff:

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER
 & GOODWIN, LLC
120 S. LaSalle St., 18th Floor
Chicago, IL 60603

                                                 __s/ John C. Gekas_____