| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Chancery DIVISION

No. 10CH46583

GLEN ELLYN PHARMACY, INC.
(Name all parties)
v.
BIORX PHARMACEUTICALS, INC., and JOHN DOES 1-10

BIORX Pharmaceuticals, Inc.
c/o Registered Agent Office
Paracorp, Inc.
318 N. Carson Street, Suite 208
Carson City, Nevada 89701

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106
Name: Edelman, Combs, Latturner & Goodwin, LLC
Atty. for: Plaintiff
Address: 120 S. LaSalle Street, Suite 1800
City/State/Zip: Chicago, IL 60603
Telephone: (312) 739-4200

WITNESS, DOROTHY BROWN OCT 26 2010

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: (312) 419-0379
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Exhibit 1

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| BIORX PHARMACEUTICALS, INC., and JOHN DOES 1-10, | ) |
| Defendants. | ) |

10CH46583



FILED
CH-2301
OCT 26 2010
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Glen Ellyn Pharmacy, Inc., brings this action to secure redress for the actions of defendant BIORX Pharmaceuticals, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

### PARTIES

3. Plaintiff Glen Ellyn Pharmacy, Inc., is a corporation with offices in the Chicago metropolitan area, where it maintains telephone facsimile equipment.

4. Defendant BIORX Pharmaceuticals, Inc., is a Nevada corporation. Its registered agent and office is Paracorp, Inc., 318 N. Carson street Suite 208 Carson City, Nevada

89701.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

7. On August 6, 2010, plaintiff Glen Ellyn Pharmacy, Inc., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. Discovery may reveal the transmission of additional faxes as well.

9. Defendant BIORX Pharmaceuticals, Inc., is responsible for the actions of the individuals who sent the faxes.

10. Defendant BIORX Pharmaceuticals, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11. Each fax refers to a website used by defendant BIORX Pharmaceuticals, Inc.

12. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13. The faxes have a "remove" number at the bottom that is associated with the mass broadcasting of advertising faxes.

14. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

15. On information and belief, defendants have transmitted similar unsolicited

2

fax advertisements to at least 40 other persons in Illinois.

16. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

17. Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

18. Plaintiff incorporates ¶¶ 1-17.

19. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

20. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

21. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

3

22. Plaintiff and each class member is entitled to statutory damages.

23. Defendants violated the TCPA even if their actions were only negligent.

24. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant BIORX Pharmaceuticals, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

26. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which

4

might cause them not to vigorously pursue this action.

29. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

30. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

31. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (1) Actual damages;

    (2) Statutory damages;

    (3) An injunction against the further transmission of

       unsolicited fax advertising;

(4) Costs of suit;

(5) Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

32. Plaintiff incorporates ¶¶ 1-17.

33. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

34. Unsolicited fax advertising is contrary to the TCPA and also Illinois public policy, as set forth in 720 ILCS 5/26-3(b), which makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

35. Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

36. Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

37. Defendants engaged in such conduct in the course of trade and commerce.

38. Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

39. Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to

public policy, as established by the TCPA and Illinois statutory and common law.

40. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

41. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant BIORX Pharmaceuticals, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

42. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

43. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    d. Whether defendants thereby converted the property of plaintiff.

44. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

45. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the

prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

46. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(1) Appropriate damages;

(2) An injunction against the further transmission of unsolicited fax advertising;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

47. Plaintiff incorporates ¶¶ 1-17.

48. By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

49. Immediately prior to the sending of the unsolicited faxes, plaintiff and the class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

50. By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

51. Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

52. Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member

8

thereby suffered damages as a result of receipt of the unsolicited faxes.

53. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant BIORX Pharmaceuticals, Inc., promoting its goods or services for sale (d) and who were not provided an "opt out" notice as described in 47 U.S.C. §227.

55. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

56. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

    c. Whether defendants thereby committed the tort of conversion;

    d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

    e. Whether defendants thereby converted the property of plaintiff.

57. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

58. A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

59. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    (1)    Appropriate damages;

    (2)    An injunction against the further transmission of unsolicited fax advertising;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

_____
Daniel A. Edelman

Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

T:\24897\Pleading\Complaint_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

11

# EXHIBIT A

To: GLEN ELLYN PHARMACY  Case: 1:10-cv-07674 Document #: 1-1 Filed: 12/02/10 Page 14 of 20 PageID #:19  From: Sales Dept.  8-06-10 1:06pm p. 1 of 1

Junk FAX re Vitorski



**COUPON NO.: BV62010**  **FREE CASES** with this COUPON — 1 CASE FREE with every 3 CASES PURCHASED

***FREE SHIPPING** — YOU CAN MIX & MATCH
- Vials & Bottles
- Droppers & Jars

### VIALS WITH REVERSIBLE CAP (Caps Incld.)
Color: Amber

| ITEM # | SIZE | QTY | PRICE | PRICE w/ FREE CASE | FREE CASE | QTY ORDER |
|---|---|---|---|---|---|---|
| RC0816 | 8DR | 410 | 29.98 | 22.48 | | |
| RC1316 | 13DR | 275 | 29.87 | 22.40 | | |
| RC1616 | 16DR | 240 | 29.74 | 22.30 | | |
| RC2016 | 20DR | 270 | 33.98 | 25.48 | | |
| RC3016 | 30DR | 200 | 29.78 | 22.33 | | |
| RC4016 | 40DR | 130 | 29.88 | 22.41 | | |
| RC6016 | 60DR | 115 | 29.15 | 21.86 | | |

### VIALS WITH SNAP CAP (Caps Incld.)
Color: Amber

| ITEM # | SIZE | QTY | PRICE | PRICE w/ FREE CASE | FREE CASE | QTY ORDER |
|---|---|---|---|---|---|---|
| SC0600 | 6DR | 720 | 36.99 | 27.74 | | |
| SC0826 | 8DR | 500 | 29.76 | 22.32 | | |
| SC1326 | 13DR | 360 | 28.88 | 21.66 | | |
| SC1626 | 16DR | 300 | 31.75 | 23.81 | | |
| SC2026 | 20DR | 300 | 32.76 | 24.57 | | |
| SC3026 | 30DR | 280 | 29.99 | 22.49 | | |
| SC4026 | 40DR | 190 | 28.99 | 21.74 | | |
| SC6026 | 60DR | 140 | 28.99 | 21.74 | | |

### CAPS ONLY CHILD RESISTANT (CR) & SNAP CAP (SC)
Color: Amber

| ITEM # | SIZE (DR) | CAPS PER BAG | PRICE | QTY ORDER |
|---|---|---|---|---|
| CRC08 | 8 | 300 | 10.99 | |
| CRC36 | 13 / 16 | 200 | 7.49 | |
| CRC20 | 20 | 150 | 7.85 | |
| CRC346 | 30 / 40 / 60 | 100 | 6.50 | |
| SCC08 | 8 | 300 | 10.99 | |
| SCC36 | 13 / 16 | 200 | 7.49 | |
| SCC20 | 20 | 150 | 7.88 | |
| SCC346 | 30 / 40 / 60 | 100 | 6.50 | |

### Rx PADS

| REG. PRICE | SALE PRICE | PRICE w/ FREE PADS | FREE PADS | QTY. ORDER |
|---|---|---|---|---|
| 145.00/100 | 89.00/100 | 0.81 / Pad | | |

### VIALS WITH CHILD RESISTANT CAP (Caps Incld.)
Color: Amber

| ITEM # | SIZE | QTY | PRICE | PRICE w/ FREE CASE | FREE CASE | QTY ORDER |
|---|---|---|---|---|---|---|
| CR0600 | 6DR | 650 | 33.98 | 25.48 | | |
| CR0800 | 8DR | 410 | 29.98 | 22.48 | | |
| CR1300 | 13DR | 320 | 29.87 | 22.40 | | |
| CR1600 | 16DR | 270 | 29.74 | 22.30 | | |
| CR2000 | 20DR | 360 | 34.97 | 26.22 | | |
| CR3000 | 30DR | 240 | 33.68 | 25.26 | | |
| CR4000 | 40DR | 180 | 29.86 | 22.31 | | |
| CR6000 | 60DR | 115 | 27.92 | 20.94 | | |

### OVAL BOTTLES WITH CR CAP (Caps Incld.)
**NEW LOW PRICES!**

| ITEM # | SIZE | QTY | PRICE | PRICE w/ FREE CASE | FREE CASE | QTY ORDER |
|---|---|---|---|---|---|---|
| OB2200 | 2 Oz | 100 | 20.99 | 15.74 | | |
| OB3200 | 3 Oz | 100 | 24.66 | 18.49 | | |
| OB4200 | 4 Oz | 100 | 25.32 | 18.99 | | |
| OB6200 | 6 Oz | 50 | 18.33 | 13.75 | | |
| OB8200 | 8 Oz | 50 | 19.98 | 14.98 | | |
| OB1200 | 12 Oz | 50 | 22.50 | 16.87 | | |
| OB1600 | 16 Oz | 25 | 16.79 | 12.59 | | |

Color: Amber

### OINTMENT JAR
Color: Amber

| ITEM # | SIZE | QTY | PRICE | PRICE w/ FREE CASE | FREE CASE | QTY ORDER |
|---|---|---|---|---|---|---|
| OJ5501 | 1 Oz | 12 | 3.99 | 2.99 | | |
| OJ5502 | 2 Oz | 12 | 3.99 | 2.99 | | |
| OJ5504 | 4 Oz | 12 | 6.75 | 5.06 | | |
| OJ5508 | 8 Oz | 12 | 7.66 | 5.74 | | |
| OJ5516 | 16 Oz | 6 | 8.79 | 6.59 | | |

### PLASTIC DROPPER BOTTLE

| ITEM # | SIZE | QTY | PRICE | PRICE w/ FREE CASE | FREE CASE | QTY. ORDER |
|---|---|---|---|---|---|---|
| DB05 | ½ Oz | 12 | 2.95 | 2.21 | | |
| DB10 | 1 Oz | 12 | 2.95 | 2.21 | | |
| DB20 | 2 Oz | 12 | 2.95 | 2.58 | | |

*FREE SHIPPING EXCEPT FOR FREE CASE WHERE A HANDLING FEE OF $7.95 APPLIES

### FOR ORDERS OR FREE SAMPLES, FILL IN THIS FORM AND FAX TO 888.325.2499

PHARMACY NAME: _____  CONTACT NAME: _____

ADDRESS: _____  CITY: _____  STATE: _____  ZIP: _____

TEL: _____  FAX: _____  E-MAIL: _____

**PLEASE SPECIFY THE SAMPLE**
SIZE: _____
- ☐ CHILD RESISTANT VIAL
- ☐ REVERSIBLE CAP VIAL
- ☐ SNAP CAP VIAL
- ☐ OVAL BOTTLE
- ☐ DROPPER BOTTLE



**CALL 888-550-5452  FAX 888-325-2499  Order Online: www.RPhVIALS.com**

To be removed from our list, please call Toll Free 1-888-550-5452 or fax back to toll free 1-888-325-2499

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| GLEN ELLYN PHARMACY, INC., | ) | |
| | ) | 10CH46583 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BIORX PHARMACEUTICALS, INC., | ) | FILED |
| and JOHN DOES 1-10, | ) | CH-2301 |
| | ) | OCT 26 2010 |
| Defendants. | ) | DOROTHY BROWN |
| | | CLERK OF THE CIRCUIT COURT |
| | | OF COOK COUNTY, IL |

### NOTICE OF FILING

TO:  Please see Certificate of Service.

**PLEASE TAKE NOTICE** that on October 26, 2010 I caused to be filed with the Clerk of the Court for the Circuit Court of Cook County, Chancery Division, the following document: **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**, a copy of which is attached hereto and hereby served upon you.

*Julie Clark*
Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

## CERTIFICATE OF SERVICE

I, Julie Clark, certify that I had a copy of the foregoing document sent on October 26, 2010, by hand delivery via process server, to:

BIORX Pharmaceuticals, Inc.
c/o Registered Agent Office
Paracorp, Inc.
318 N. Carson Street, Suite 208
Carson City, Nevada 89701

/s/ Julie Clark
Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| GLEN ELLYN PHARMACY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BIORX PHARMACEUTICALS, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

10CH46583

FILED
CH-2301
OCT 26 2010
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Glen Ellyn Pharmacy, Inc., respectfully requests pursuant to 735 ILCS 5/2-801 et seq., that this Court certify the following classes, as described in Plaintiff's Class Action Complaint:

> All persons and entities (1) who, on or after October 26, 2006, and on or before November 15, 2010, or such shorter period during which faxes were sent by or on behalf of defendant BIORX Pharmaceuticals, Inc., and John Does 1-10, (2) were sent faxes by or on behalf of defendant BIORX Pharmaceuticals, Inc., and John Does 1-10 promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. (*Count I*)

> All persons and entities with Illinois fax numbers (1) who, on or after October 26, 2007, and on or before November 15, 2010, or such shorter period during which faxes were sent by or on behalf of defendant BIORX Pharmaceuticals, Inc., and John Does 1-10, (2) were sent faxes by or on behalf of defendant BIORX Pharmaceuticals, Inc., and John Does 1-10 promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. (*Count II*)

> All persons and entities with Illinois fax numbers (1) who, on or after October 26, 2005, and on or before November 15, 2010, or such shorter period during which faxes were sent by or on behalf of defendant BIORX Pharmaceuticals, Inc., and John Does 1-10, (2) were sent faxes by or on behalf of defendant BIORX

1

>Pharmaceuticals, Inc., and John Does 1-10 promoting its goods or services for sale (3) and who were not provided an "opt out" notice that complies with federal law. (*Count III*)

Several courts have certified class actions under the TCPA: *Sadowski v MedlOnline, LLC.* 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008) *Hinman v. M & M Rental Ctr.*, 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes); *Display South, Inc. Express Computer Supply, Inc.*, 961 So.2d 451 (La. App. 2007); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App., 2006); *Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare*, 03 CH 15165 (Cook Co. Cir. Ct.); *Telecommunications Design Network v. McLeodUSA, Inc.*, 03 CH 8477 (Cook Co. Cir. Ct.); *CE Design v. Trade Show Network Marketing Group, Inc.*, No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH14510 (Cook Co. Cir. Ct .); *Bogot v. Olympic Funding Chicago*, No. 03 CH 11887 (Cook Co. Cir. Ct.); *Stonecrafters, Inc. v. Wholesale Life Ins. Brokerage, Inc.*, 03 CH 435 (McHenry Co. Cir. Ct.); *Rawson v. Robin Levin d/b/a The Ridgewood Organization*, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Answer Illinois, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Murray and Trettel, Inc.*, 03 CH 21621 (Cook Co. Cir. Ct.) ( for settlement purposes); *Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc.*, 03 CH 15167 (Cook Co. Cir. Ct.) ( for settlement purposes); *Law Office of Martha J. White, P.C. v. Morrissey Agency Inc.*, 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); *Kerschner v. Fitness Image, Inc.*, 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); *INSPE Associates, Ltd.. v. Charter One Bank*, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); *Bernstein v. New Century Mortgage Corp.*, 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); *Gans v Seventeen Motors, Inc.*, 01-L-478 (Madison Co. Cir. Ct.)

2

(for settlement purposes); *Telecommunications Network Design, Inc. v. Paradise Distributing, Inc.*, 03 CH 8483 (Cir. Ct. Cook Co., Feb. 1, 2006); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *General Repair Services of Central Indiana, Inc. v. Soff-Cut International, Inc.*, 49D03-0109-CP-1464 (Marion Co., Ind. Super. Ct., Feb. 22, 2002); *Gold Seal v. PrimeTV*, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002); *Kenro, Inc. v. APO Health, Inc.*, No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); *Biggerstaff v. Ramada Inn and Coliseum*, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000); *Biggerstaff v. Marriott International, Inc.*, 99-CP-10-001366 (C.P. S.C., Feb 20, 2000); *WPS, Inc. v. Lobel Financial, Inc.*, No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); *Syrett v. Allstate Ins. Co.*, No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); *Lipscomb v Wal-Mart Stores, Inc.*, No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); *Battery, Inc. v. United Parcel Service, Inc.*, No. 01-CP-10-2862 July 26, 2002) (same); *Jemiola v. XYZ Corp.*, No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); *Salpietro v. Resort Exchange International*, No. GD00-9071 (Allegheny Co. C.P.)(same); *Chaturvedi v. JTH Tax, Inc.*, No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); *Dubsky v Advanced Cellular Communications, Inc.*, No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); *Inhance Corp. v. Discount Vacation Rentals*, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); *Inhance Corp. v. Special T Travel Services, Inc.*, No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1).

3

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order pursuant to 735 ILCS 5/2-801, certifying the classes set forth above.

Respectfully submitted,

*/s/ Julie Clark*
Julie Clark

Daniel A. Edelman
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200 (p)
(312) 419-0379 (f)